```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KIMBERLY AUMAN                               :
309 Lynn Street                              :
Robesonia, PA    19551                       :
                Plaintiff                    :
    vs.                                      :
                                             : CIVIL ACTION - LAW
LEEANNE H. JOHNSON                           :
755 11th Ave. E.                             :
Vancouver British Columbia V5T2E4            :
Canada                                       :
and                                          :
SUN RICH FRESH FOODS, INC.                   :
22151 Fraser Wood Way                        :
Richmond British Columbia V6W1J5             :
Canada                                       :
                Defendants                   :
```

## COMPLAINT

This case is the result of a collision caused by defendant Leaanne H. Johnson (hereinafter referred to as Johnson), turning across the path of the Plaintiff, who had the right of way, causing injuries to the plaintiff.  Defendant Johnson was at that time acting as the employee, agent and/or servant, of defendant Sun Rich Fresh Foods, Inc. (hereinafter referred to as Sun Rich).

**PARTIES:**

1.  Plaintiff, Kimberly Auman is an adult individual who resides at 309 Lynn Street in Robesonia, Berks County, Pennsylvania.  2.  Defendant Leeanne H. Johnson is an adult individual with an address of 755 11th Ave. E., Vancouver British

V5TCE4 Canada. Defendant Johnson was at all times relevant hereto going about the business of and acting as the employee, agent, or servant of the corporate defendant Sun Rich Fresh Foods, Inc. herein.

    3. Defendant Sun Rich Foods Inc. is a corporation with its headquarters at 22151 Fraser Wood Way in Richmond, British Columbia, Canada.

**JURISDICTION:**

    4. The incident and actions of Defendant Johnson complained of occurred in Wyomissing, Berks County, Pennsylvania.

    5. Plaintiff is a resident of Pennsylvania. Defendant Johnson is a resident of British Columbia, Canada and defendant Sun Rich Fresh Foods, Inc., is a business located in British Columbia, incorporated under the laws of Canada.

    6. Defendant Sun Rich Fresh Foods, Inc., regularly does business in and about this district through a subsidiary, Sun Rich Fresh Foods U.S., Inc., with its premises located at West Buttonwood and Tulpehocken Streets in Reading, Berks County, Pennsylvania.

    7. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331(a)(1) and §1332, Article III, §2 of the Constitution of the United States of America

## COUNT I

### FACTUAL AND LEGAL ALLEGATIONS, Kim AUMAN V. LEANNE JOHNSON

8. On or about August 6, 2015, plaintiff, Kim Auman was operating her vehicle on Berkshire Boulevard in Wyomissing, Berks County, Pennsylvania.

9. At that time, defendant Johnson turned left into the path of plaintiff, causing a collision with the Plaintiff's vehicle. As a result of that collision, plaintiff sustained injuries as described below.

10. The collision was caused by the negligence of the defendant Leeanne H. Johnson, which consisted of, among other things:

    (a) failure to yield the right-of-way to traffic with the right of way;

    (b) proceeding to turn in to traffic when she knew or should have known that it was not safe to do so.

    (c) failing to brake or take evasive action to avoid or minimize the impact of the crash;

    (d) being inattentive to the roadway and traffic in her intended path;

    (e) operating a vehicle in a careless fashion, without due regard for others;

    (f) operating a vehicle in a manner which she knew or should have known would be likely to cause an accident;

    (g) Driving a vehicle while her attention distracted from traffic in her intended path;

    (h)    driving a vehicle without due care under the circumstances;

    (i)    failure to keep a lookout for others on the roadway;

    (j)    operating her vehicle at a speed that would not allow her to stop within the assured clear distance ahead.

    (k)    operating a motor vehicle when she knew or should have known that her physical condition, due to lack of sleep, and/or his condition of health and/or illness, and/or together with ingestion of alcohol, drugs, or the combination thereof, was such that she would be likely to fall asleep while driving and/or to have impaired motor functions or reaction times, such as to cause a danger of severe injury or death to others;

    (m)    turning left when it was not safe to do so;

11. As a result of the impact, plaintiff Kim Auman, was injured, receiving injuries to her head, including closed head injury, resulting in headaches, dizziness, cognitive difficulties, issues with memory, visual field disturbance; injury to the aural systems including tympanic lesion, resulting in tinnitus, and decrease in hearing and/or hearing function; injury to the systems of the body affecting balance with loss of balance; injury to the face and nose and including but not limited to a deviated septum; injury to the neck, trunk and extremities, limbs, muscles, bones, joints, articular surfaces, ligaments, tendons, including, but not limited to injury to her cervical, thoracic and lumbar spine,

including injury to the articular surfaces of the vertebrae and their component parts, injury to and/or disruption of the nerve distributions and nerve roots, injury to the discs and their component parts, and injuries to the muscles, ligaments and tendons supporting the cervical, thoracic, & lumbar spine; injury to the legs, knee and foot, including the muscles, ligaments, tendons, cartilage and articular surfaces of those parts of the body; injury to the arm and hand, including injury to the muscles, ligaments, tendons, joints, cartilage and articular surfaces of the arm and hand; anxiety. Some or all of these injuries may be permanent, making these structures and systems more prone to injury and increased degenerative damages than they would have been, had the injuries not occurred.

12. As a further direct result of the aforesaid negligence of the defendant, plaintiff has been and may in the future be prevented from attending to her usual and customary duties, occupations and avocations, all to her great financial loss with loss of earnings and earning capacity and enjoyment of life.

13. As a result of the foregoing, plaintiff has been, and will continue to be, subjected to further medical procedures and treatments, and all accompanying risks, hazards, pain, suffering, discomfort, and economical losses associated therewith, all to her great detriment and loss, and will be compelled to expend various sums of money for medicines and medical attention, in attempting

to cure the aforesaid injuries, which expenses have exceeded or may exceed the sums recoverable under the limits of 75 P.S. §1711.

14. As a result of the foregoing, plaintiff has lost wages as well as suffer a loss of vocational horizons, and also lost benefits causing plaintiff to be responsible for increased health insurance coverage and for repayment of liens to health insurers.

15. At the time of this accident, defendant Johnson was operating a vehicle registered out-of-state (MO) and therefore plaintiff is deemed to have full tort status and is entitled to bring this claim in accordance with the Motor Vehicle Financial Responsibility Act, 75 Pa. C.S. §1705 et seq.

WHEREFORE, plaintiff, Kim Auman, hereby demands judgment jointly and severally against the defendants in an amount in excess of $150,000 plus interest and costs of suit and such other relief as is just and proper.

## COUNT II

### KIM AUMAN v. SUN RICH FRESH FOODS INC.

16. Paragraphs 1-15 are hereby incorporated by reference, the same as if fully pleaded.

17. At all times relevant hereto, defendant Johnson was going about the business of an was the servant, agent, or employee of defendant Sun Rich Foods Inc.

18. Defendant Sun Rich Fresh Foods, Inc., was negligent in:

    a) allowing its employee, agent, or servant to operate a vehicle without proper instruction and or providing proper safety training;

    b)    for not assuring it's employee, agent, or servant had a safe background and/or safe driving habits him and/or to an individual who was not properly selected, trained or supervised in operating a vehicle while on-the-job or when driving in a foreign country and therefore not familiar with the rules of the road to assure its agent, servant or employee while going about their business did operate the vehicle in a non-negligent manner.

19. Defendant Sun Rich, as the employer or entity for which defendant Johnson was working at the time of the collision and resulting injuries, is responsible for the actions of its servant, employee, or agent Defendant Johnson.

19. As a result of the actions of Defendant Sun Rich, individually and through its agent, servant or employee Defendant Jonson, Plaintiff was injured receiving injuries to her head, including closed head injury, resulting in headaches, dizziness, cognitive difficulties, issues with memory, visual field disturbance; injury to the aural systems including tympanic lesion, resulting in tinnitus, and decrease in hearing and/or hearing function; injury to the systems of the body affecting balance with loss of balance; injury to the face and nose and including but not limited to a deviated septum; injury to the

neck, trunk and extremities, limbs, muscles, bones, joints, articular surfaces, ligaments, tendons, including, but not limited to injury to her cervical, thoracic and lumbar spine, including injury to the articular surfaces of the vertebrae and their component parts, injury to and/or disruption of the nerve distributions and nerve roots, injury to the discs and their component parts, and injuries to the muscles, ligaments and tendons supporting the cervical, thoracic, & lumbar spine; injury to the legs, knee and foot, including the muscles, ligaments, tendons, cartilage and articular surfaces of those parts of the body; injury to the arm and hand, including injury to the muscles, ligaments, tendons, joints, cartilage and articular surfaces of the arm and hand; anxiety.  Some or all of these injuries may be permanent, making these structures and systems more prone to injury and increased degenerative damages than they would have been, had the injuries not occurred.

20.  As a further direct result of the aforesaid negligence of the defendant, plaintiff has been and may in the future be prevented from attending to her usual and customary duties, occupations and avocations, all to her great financial loss with loss of earnings and earning capacity and enjoyment of life.

21. As a result of the foregoing, plaintiff has been, and will continue to be, subjected to further medical procedures and treatments, and all accompanying risks, hazards, pain, suffering,

discomfort, and economical losses associated therewith, all to her great detriment and loss, and will be compelled to expend various sums of money for medicines and medical attention, in attempting to cure the aforesaid injuries, which expenses have exceeded or may exceed the sums recoverable under the limits of 75 P.S. §1711.

22.  As a result of the foregoing, plaintiff has lost wages as well as suffer a loss of vocational horizons, and also lost benefits causing plaintiff to be responsible for increased health insurance coverage and for repayment of liens to health insurers.

23.  At the time of this accident, defendant Johnson was operating a vehicle registered out-of-state (MO) and therefore plaintiff is deemed to have full tort status and is entitled to bring this claim in accordance with the Motor Vehicle Financial Responsibility Act, 75 Pa. C.S. §1705 et seq.

WHEREFORE, plaintiff, Kim Auman, hereby demands judgment against Defendant Sun Rich, jointly and severally, in an amount in excess of $150,000, plus costs of suit and such other relief as is just and proper.

The Plaintiff by:

*/s/ Peter N. Munsing*

Peter N. Munsing, Esquire
939 Penn Avenue
Wyomissing, PA  19610
(610)478-7878
fax number: (610)478-8787
Counsel for Plaintiff